# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | |
|---|---|
| **DE'AMONTAE MANNING,** | CASE NO. 3:25 CV 2618 |
| Plaintiff, | |
| v. | JUDGE JAMES R. KNEPP II |
| **JOHN LANDIN,** | |
| Defendant. | **ORDER OF DISMISSAL** |

*Pro se* Plaintiff De'Amontae Manning, a state prisoner incarcerated in the Toledo Correctional Institution, filed a prisoner civil rights action seeking damages for his claim that on March 29, 2025, the Defendant corrections officer denied him appropriate religious meals during Ramadan. (Doc. 1). He also filed an application to proceed *in forma pauperis*. (Doc. 2).

Pursuant to 28 U.S.C. § 1915(a), a Court may authorize the commencement of lawsuit without prepayment of fees if an applicant has shown by affidavit that he satisfies the criterion of poverty. Prisoners, however, become responsible for paying their filing fees and costs from the moment they file the complaint. 28 U.S.C. § 1915(b). When an inmate seeks pauper status, the only issue for the Court to determine is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan. *Id.* Moreover, unless the prisoner is under imminent danger of serious physical injury at the time the action is filed, the benefit of the installment plan is denied to prisoners who have "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it [was] frivolous, malicious or fail[ed] to state a claim upon

which relief could be granted." 28 U.S.C. § 1915(g); *Rittner v. Kinder*, 290 F. App'x 796, 797-98 (6th Cir. 2008) (explaining the imminent danger exception to § 1915(g)'s "three strikes rule").

To qualify for this exception to the three strikes rule, the Plaintiff must plead sufficient "facts from which a court, informed by its judicial experience and common sense, could draw a reasonable inference that [the plaintiff] was under an existing danger at the time he filed the Complaint." *Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013) (citation modified). To allege sufficiently imminent danger, "the threat or prison condition must be real and proximate and the danger of serious physical injury must exist at the time the complaint is filed." *Rittner*, 290 F. App'x at 797 (citation modified). Allegations that the prisoner was subject to past harm do not suffice to demonstrate imminent harm. *Id.* at 798.

Plaintiff is a frequent filer in this federal court and has, on at least three prior occasions while incarcerated, filed actions or appeals in federal court that were dismissed on grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See Manning v. Ellis*, No. 3:24 CV 1170 (N.D. Ohio) (dismissed Sept. 18, 2024); *Manning v. Henderson*, No. 3:23 CV 2050 (N.D. Ohio) (dismissed Feb. 23, 2024); *Manning v. Henderson*, No. 3:24 CV 559 (N.D. Ohio) (dismissed Sept. 26, 2025); *Manning v. Henderson*, No. 4:24 CV 795 (N.D. Ohio) (dismissed July 19, 2024). In addition, Plaintiff's application to proceed *in forma pauperis* was denied under the three strikes rule of § 1915(g) in five previous cases. *Manning v. Pruitt*, No. 3:25 CV 1867 (N.D. Ohio) (denied Nov. 25, 2025); *Manning v. Mulinix*, No. 3:25 CV 1868 (N.D. Ohio) (denied Nov. 25, 2025); *Manning v. Beachump*, No. 3:25 CV 2585 (N.D. Ohio) (denied Nov. 25, 2025); *Manning v. Pruitt*, No. 3:25 CV 2615 (N.D. Ohio) (denied Dec. 8, 2025); *Manning v. Nofziger*, No. 25 CV 2515 (denied Dec. 8, 2025).

In this case, Plaintiff does not assert any allegations from which the Court reasonably can conclude that Plaintiff was in imminent danger of serious physical injury at the time he filed his Complaint in December 2025. Rather, the allegations in his Complaint indicate that he was denied a religious meal on March 29, 2025 – more than eight months before he filed this case.

For the foregoing reasons, good cause appearing, it is

ORDERED that Plaintiff's application to proceed *in forma pauperis* (Doc. 2) be, and the same hereby is, DENIED and this action is DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(g). If Plaintiff wishes to proceed with this case, he must, within thirty (30) days of the date of this Order, first pay the fill filing fee of $ 405.00 and then file a Motion to Reopen. The Clerk's Office is directed not to accept a Motion to Reopen unless and until the filing fee is paid in full. No other documents will be accepted for filing unless the full filing fee has been paid and the Motion to Reopen is granted.

FURTHER, the Court CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

     s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

Dated: January 16, 2026